Zuberbier & Behan vs. Morse et als.

### IV.

---

### No. 9194.

### Zuberbier & Behan vs̀. R. S. Morse et als.

In a revocatory action the test of the jurisdiction of the Supreme Court is in the amount claimed of the original debtor, and not in the value of the property the sale of which is sought to be revoked.

The judgment, if the action is maintained, is that the contract is avoided only as to its effect on the complaining creditor. As to third persons it remains in full force. Lobe & Bloom vs. Arent, 33 Ann. 1086. Affirmed.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot, J.*

---

*A. B. Philips* and *Albert Voorhies* for Plaintiffs and Appellants.

*A. C. Lewis* and *T. M. Gill* for Defendants and Appellees.

---

### Motion to Dismiss.

The opinion of the Court was delivered by

Poché, J. Appellee urges that we have no jurisdiction over this case, because the matter in dispute does not exceed in amount the sum of two thousand dollars.

Plaintiffs brought this suit for judgment against S. W. Sawyer, in the sum of $1,491 77, and to that suit he joined a revocatory action against R. S. Morse, for the nullity of a sale of property, amounting to $45,000,

made to him by Sawyer, on the ground that the sale was made in fraud of the latter's creditors.

The allegations of the petition embrace matters which point both to the action " *en déclaration de simulation*," 'and to the revocatory action, but the nature of the relief which they ask unmistakably characterizes their suit as a revocatory action. This is conceded by their counsel, who treat the suit as a revocatory action throughout the whole discussion, in three briefs.

But they contend that as between plaintiffs and the defendant, Morse, the matter in dispute is the validity of his title to property amounting in value to $45,000, and that, therefore, this Court has jurisdiction, at least over that branch of the case which involves the interest of that defendant. Their proposition has no sanction in law, and finds no support in jurisprudence.

The effect of the judgment in a revocatory action does not absolutely affect the validity of the whole title of the vendee in the sale alleged to have been made in a fraud of the vendor's creditors.

The effect of the judgment in such cases is defined by the textual provisions of our code where it treats of this subject. Art. 1977 reads: " The judgment in this action, if maintained, shall be that the contract be avoided as to its effect on the complaining creditors, and that all the property or money taken from the original debtor's estate, by virtue thereof, or the value of such property to the amount of the debt, be applied to the payment of the plaintiff."

It follows, therefore, that the utmost effect which can result to Morse from a judgment in favor of plaintiffs would be to subject the property which he has acquired of Sawyer, to the execution of the judgment obtained by them against their debtor, Sawyer, in the sum of $1,491 77 exclusive of interests and costs. His title to the property· *quoad* third persons would not be in the least affected by the judgment in favor of plaintiffs. And the latter could only seize as much of the property transferred to Morse as would be sufficient to satisfy their judgment.

The identical question of jurisdiction has already been before us, and was decided in the sense indicated by our present reasoning. Lobe & Bloom vs. Arent *et al.* 33 Ann. 1086.

In that case the amount of the judgment against the original debtor was less than $1000, the lower limit of our jurisdiction at that time, and the property subjected to the revocatory action exceeded that amount in value. We held that the amount of the original moneyed demand against the debtor, and not the amount of the property transferred was

the true test of our jurisdiction, because the real issue between the plaintiff and the defendant in the revocatory action was the right of the former to enforce the execution of his judgment in a sum less than $1000 against property held by the latter, and acquired from the former's debtor.

This is practically the case in hand.

Appellants' reliance on the case of the State *ex rel* Bloss vs. Judges, 33 Ann. 1351, cannot avail them. In that case the suit against the holder of the mortgage was an action "*en déclaration de simulation*," and the effect of the judgment on the mortgagee would have been the cancellation of his entire mortgage which was in a sum of $12,000. Hence we held that, although the claim of plaintiff against the original debtor did not exceed $1000, the amount in dispute, *quoad* the mortgagee, was within our jurisdiction.

We, therefore, conclude that we have no jurisdiction over the present controversy. But we cannot dismiss this appeal, because we had jurisdiction at the time it was brought to this Court, in April, 1884, before the adoption of the constitutional amendment which changed the lower limit of our jurisdiction. Walmsley vs. Nicholls, 36 Ann., not yet reported.

An appellant cannot be punished by the dismissal of his appeal, because the jurisdiction of the tribunal to which he had properly returned his appeal, is divested by subsequent legislation.

On the face of the papers it appears that the jurisdiction belongs to the court of appeals.

It is, therefore, ordered that this appeal be stricken from our docket and that it be transferred to the court of appeals for the circuit of New Orleans. Costs to abide the final decision of the cause.