Statement oe the Case.
The opinion of the court was delivered by
Breaux, J.
The plaintiffs are the creditors of the defendant, L. J. Ringuet, in the sum of $849.47, and interest thereon at the rate of 5 per cent, per annum from the 25th day of April, 1892, and for the further sum of $12, cost of suit, for which they obtained judgment against him on the SOth day of May, 1892.
The other defendant, the wife of L. J. Ringuet, after her marriage, more than twenty-five years since, inherited an amount from the succession of her father and a small sum from her mother’s estate.
In 1868 the husband, Ringuet, made a dation en paiement to his wife and declared in the notarial act that the remainder of his indebtedness to her was $894.
In 1879 the wife sold a tract of land in Iberia parish for the sum of $1250. In the deed of sale she declared that it was transferred to her by her husband as a dation en paiement, as per act before E. Paraut, notary public, on the 20th day of August, 1879, and she and other witnesses in her behalf testify that the price was received by the husband and expended by him.
In May, 1892, Ringuet made affidavit before the clerk of the District Court of indebtedness to his wife in the sum of $2950, which he acknowledged having received and expended for his separate use and benefit.
Immediately after, he conveyed all his property, valued by him at the sum of $2700, leaving due her $250.
In the act, the transferrer declares that in the year 1870 or 1871 he made a dation en paiement to his wife of certain property consisting of about 110 acres, in satisfaction of the sum of $1250, her paraphernal claim.
In the paragraph following, of the deed of sale, he declares that this property, conveyed to his wife in part satisfaction of her paraphernal claim, was sold to one Thomas Simon, for the sum of $1250 *1117 and which amount was appropriated by him, the vendor’s husband, after the sale, to his benefit.
This is the land to which we have before referred as being situate in the parish of Iberia.
Pleadings.
The plaintiff, in his petition, alleges substantially that the dation en paiement, of May, 1892, was a fraudulent scheme in the interest of the husband to defeat the claims of his creditors.
That he was not indebted to his wife, and that she participated in the fraud.
That it was a mere simulation.
That they will lose their claim should the said dation en paiement not be rescinded and made subject thereto.
That the property conveyed for $2700 is worth $5000.
That by this conveyance the husband was left without property and insolvent.
Petitioners pray for judgment against Ringuet and wife revoking and rescinding the said “pretended dation en paiement,'1'1 subjecting “ the said property to the creditors of the said L. J. Ringuet, and particularly to the judgment of your petitioners herein set forth.”
The defendant, the wife, in her answer, alleges that the conveyance of the property to her by her husband was real and bona fide.
She also alleges that there was error in the deed of May, 1892, which she applied to correct.
The error) she avers, was in the declaration contained in the deed, that her husband made a dation en paiement to her in 1870 or 1871, for the sum of $1250.
The fact being, she alleges, that the amount was $2083, and the date March 20, 1868, which left a balance of $859.55 due her, together with the $1250 sale to Simon, aggregating $2109.55.
She prays to correct the error alleged and for judgment recognizing her as owner of the property.
The judgment of the District Court was pronounced in favor of the defendant; plaintiffs’ demand was rejected.
Prom the judgment plaintiffs appeal.
The defendants move to dismiss the appeal on the ground that this court is without jurisdiction ratione materias; that the amount involved is less than $2000.
*1118 On the Motion to Dismiss.
If the action is revocatory, this court is without jurisdiction.
To determine that the action is en déolaration de simulation would involve a decision that no consideration passed; that the title had no element of the real, and that possession was not surrendered under the deed.
Conceding for the moment that the defendants have not proved the entire consideration alleged, it does not appear, under theallegations and the proof, that the title is one which does not confer any right at all, and that it is a mere simulation.
The plaintiffs judiciously chose to proceed by direct action.
The conveyance could not be treated as entirely simulated, for the reason that the defendant,' Mrs. Ringuet, is in possession under a title; that that title is based upon consideration which may not be sufficient to successfully defend against an attack to set it aside as in fraud of creditors, but is sufficiently real to compel creditors to resort to a suit to have it revoked and annulled.
It is, to say the least, sufficiently real to escape from being characterized as corpus sine anima, extrinsicus apparens, intrinsicus nihil habens.
The wife obviously was a creditor. It is sufficient for us to determine that there is at least an appearance of reality in her claim.
The form of the action and the allegations taken in their entirety sustain the conclusion that it is revocatory; the evidence establishes that she was a creditor; the amounts of the credits must be determined by the appellate court having jurisdiction and errors corrected by it, if any were made, as alleged by defendants. Should the sale be revoked, the rights of the creditor can not be ignored; they must be considered and passed upon in a revocatory action.
Our conclusion being that the action is revocatory the amount claimed is the test of our jurisdiction. Katz & Barnett vs. G. G. Gill et al., 43 An. 1041.
The Supreme Oourt is without jurisdiction of a suit on the part of a creditor for an amount less than two thousand dollars, to annul a transfer of property made by his debtor, as fraudulent, to subject it to the payment of his claim. Walter O. Flower vs. A. O. Préjèan et al. 42 An. 897.
The counsel for plaintiff directs our attention to Godshaw & Plant vs. The Judges of the Second Circuit Court of Appeals, 38 An. 843.
*1119 The court in that case holds that in an action by a judgment creditor to have the purchase of the property declared simulated and to be in reality for account of the debtor, the value of the property and not the amount of the judgment is the matter in dispute.
The question in that case was purely one of simulation vel non. There was not an appearance of reality in the conveyance.
It was charged that the purchaser was an interposed person, and nothing created the impression of reality of the sale.
In the other case referred to, that of John Chaffe & Sons vs. D. D. Demoss and wife, 37 An. 186, it was held that the appellees who had moved to dismiss could not successfully invoke the cases of Loeb & Bloom vs. Arcot, 33 An. 1086; Zuberbier & Behan vs. Morse, for the reason that each was revocatory. These cases support defendant’s contention, the action being revocatory.
In the case to which we have just referred, 37 An. 186, the court expressly held that it is practically the action in declaration of simulation and not the revocatory action.
In the case of State ex rel. Bloss vs. Judges of Oourt of Appeals, 33 An. 1352, another case referred to by plaintiffs, the court held that the object of “the rule was to have the mortgage canceled on the ground that it was simulated and unreal.”
The court is without jurisdiction ratione materiee to establish the amount of the consideration which is real and not subject to successful attack on the part of a judgment creditor for an amount not within this court’s jurisdiction.
The appeal must be dismissed.
The appeal is dismissed at the costs of appellants.