Statement of the Case.
MONROE, C. J.
Plaintiff alleges that- he is the public administrator of the parish of Orleans, and, as such, has qualified as administrator of the succession of Isaac War-beck, and in that capacity he brings -this suit to recover, in behalf of the state ¡of Louisiana, certain lots of grounds, situated in New Orleans, and concerning which the following admissions are made, to wit:
That they were purchased by Isaac War-beck from the New Orleans Canal & Banking Company and others in 1833; that War-beck died, and that his succession was opened in 1836, upon the application of Gottschalk, a creditor, who was appointed curator of the .vacant estate, in which said lots were inventoried; that, in December, 1912, James P. Cordill, public administrator, was appointed' administrator ¡and curator of said estate; and that in May, 1913, Peter J. Flanagan succeeded Cordill in those positions. It is admitted that Joseph P. Bres purchased the lots at tax sale made on June 25, 1894, for state taxes of 1876, 1877, and 1878, assessed in the name of Isaac Warbeck, and received a deed, of date July 2,11894; that on December 27, 1900, defendant purchased said lots at sheriff’s sale made under a judgment and fi. If a. against Bres, received a sheriff' deed, January 15, 1901, and has been in physical possession of, and has paid the taxes upon, said lots since that date.
It is further admitted that “it is mentioned” in the probate proceedings thus referred to that Warbeck died ¡unmarried, and that it does not appear that any one has claimed his succession in the quality of heir.
Beyond the facts Rhus admitted, the evidence Shows that the lots in question were adjudicated to the state at different times in 1884 and 1885, for the state ¡taxes of 1880,. 1881, 1882, and 1883, respectively, and that defendant’s possession since January 15, 1901, has been open, peaceable and uninterrupted.
Opinion.
The petition alleges:
“That the state of Louisiana is, by reason of his [Warbeck’s] said death, and the absence of lawful heirs, the sole owner of his succession, and became, by operation of law, the owner of all the property left by said decedent.”
Defendant excepted to the capacity of Flanagan, administrator, to bring suit and stand ¡in judgment, and excepted to the demand made by him, on the ground of vagueness of allegation, no cause of action disclosed, prescription and estoppel; and, reserving her ¡rights with respect to her exceptions, further set up in her answer that the property of a vacant succession does not devolve upon the state by escheat, /but that the proceeds of such property after administration are to be paid into the state treasury, and there held ¡'in trust, and that the state has no right to demand recognition as owner of the property here in controversy, save as the heir of Isaac Warbeck, which ¡claim is barred by the prescription of 30 years.
*405 The office of public administrator was created and its functions'prescribed by Act No. 87 of 1870, p. 120, and the office was abolished as fo every parish in the state save the parish'of Orleans by Act No. 74 of 1877 {Extra Session, p. Ill) which act also made certain other changes in the original statute. By Act No. 222 of 1902, p. 452, section 1 of the act of 1870 was amended and re-enacted so as to read:
■“That the Governor * * * shall appoint a suitable person to be known as public administrator for the parish' of Orleans. The public administrator for the parish of Orleans shall be appointed administrator of all intestate successions, and curator of the estates of all absentees, when there is no surviving husband or wife or heir, present, or represented in the state, who is qualified * * * and who- claims the right to assume the duties of the said office.”
By Act No. 68 of 1910, p. 112, the section thus amended and re-enacted was again amended'and re-enacted so as to read:
“That the Governor * * * shall appoint. * * # The public administrator of the parish of Orleans shall be appointed curator or administrator of all vacant estates. He shall also be appointed administrator of all intestate successions, where there is no surviving husband or wife or heir present or represented in the state, who is qualified to assume and who claims the right to assume the duties of said office. He shall also be authorized to appear in court for and on behalf of the state of Louisiana to assert her claim as heir, to any estate in which the state may be interested.” (Italics by the court.)
As we have seen from the excerpt from the petition hereinabove quoted, the plaintiff, administrator, is asserting no claim o» behalf of the state'as the heir of Isaac War-beck, but alleges that the state is the “owner” of the property here in controversy, and her counsel interprets their'petition to mean that the state disclaims the intention of asserting title by inheritance, and insists that she became the owner of the'property solely by virtue of her sovereignty. Their main argument is to that effect, as may be inferred from by the following excerpts from their “additional” and latest brief herein filed, to wit:
“Now, in the present case the right of the theoretical heir to accept this succession, which was opened in the courts in 1836, when War-beck died, remained in suspense until 1866. In 1866, by the lapse of 30 years, his right to accept was barred by prescription. There was no such thing- at that time possible as an heir with the right to take possession. The suspense ended and the original title of the state became effective. The property, then, belonged to the state, as part of its public domain, not by forfeiture, not by inheritance, because there was no one from whom it was to be forfeited, and no inheritance was possible. The state took because there was no heir and because there could be no heir." (Italics by the writer of the brief.)
If, then, “there was no heir, and * * * could be no heir,” it is plain that the language of Act No. 68 of 1910 (which is the latest act conferring authority on the public administrator), “He shall be authorized to appear in court for, and in .behalf of, the state of Louisiana, to assert her claims, as heir,’? is without application in the present situation, since it confers upon the public administrator no authority with respect to the claim which he is, here, asserting. It is true that in paragraphs of the petition other than that already quoted it is alleged and prayed:
“That long prior to the assessment of any taxes upon which any tax deed may^have based the said property had, as aforesaid, become the property of the State of Louisiana; that there can be no such thing as assessment by the state of Louisiana of taxes on property owned by the state of Louisiana; that there can be no forfeiture or sale for said taxes on said property, and the tax collector was without authority to sell, in any manner, property belonging to the state of Louisiana; that it is the duty of the public administrator of the parish of Orleans, now the administrator of the estate of Isaac Warbeck, to bring into said succession, administer thereon, and turn over to the state of Louisiana, such property as belongs to the state. * * * Wherefore petitioner prays that the said Mrs. Laura Gehrke * * !li may be cited to appear and answer this petition, and, after due proceedings had, that judgment be rendered decreeing said Mrs. Laura Gehrke * * * not to be the owner of the property described in the petition, and decreeing the said property to *407 the succession of Isaac Warbeek and which belongs to the state of Louisiana.”
The suit is therefore clearly a petitory action, brought on behalf of the state of Louisiana for the recovery of property of which, it is asserted and insisted, the state is owner, by virtue of her sovereignty, and not by inheritance, and the prayer, that “the property be decreed to the succession of Isaac Warbeek, and which belongs to the state of Louisiana,” sufficiently indicates that the decreeing of the property “to the succession” is regarded as merely a means to the end, and that the end to be accomplished is the recovery of the property by the state. There may, however, for aught we know, be vast tracts of land, within her borders which belong to the state of Louisiana, by virtue of her sovereignty, which are occupied by individuals or corporations under color of title, and the recovery of which would require the institution of petitory actions, but we find nothing in the legislation concerning the public administrator of the parish of Orleans which confers upon that officer the authority to institute such actions.
If, upon the other hand, it could be argued (though no such argument is made) that this is primarily a suit on behalf of a vacant succession, for the return “to the succession” of property belonging to it, and that the court is not called upon to consider at this time the ultimate destination of the property, the answer would be that the claim of the succession is barred by the prescription of ten years in favor of the defendant, by reason of her actual, open, peaceable and uninterrupted possession for more than ten years, in good faith, under a title translative of property emanating from the state of Louisiana, and by the prescription of three years, in favor of tax titles established by article 233 of the Constitution. Plaintiff can hardly deny that there is still such an entity as the vacant succession of Isaac Warbeek, since he comes before the court in the capacity of its administrator, and prays for a judgment “decreeing said property to the succession of Isaac Warbeek,” and our law (C. C. 3526) declares, in express terms that prescription “runs against a vacant succession, though no curator has been appointed to such succession.” Without, however, entering upon the question of the construction of those provisions of the Civil Code, which, upon the one hand, declare that (article 485) “the succession of persons who die without heirs, or which are not claimed by those having a right to them, belong to the state,” and that (article 929) “in defect (sic) of lawful relations, or of a surviving husband or wife, or acknowledged natural children, the succession belongs to the state,” and, upon the other hand, of article 917 (found' under the subtitle, “Of Irregular Successions”) which declares that when the deceased has left neither lawful descendants, nor lawful ascendants, nor collateral relations, the law calls to his inheritance, either the surviving husband, or wife, or his or “her, natural children, or the state in the manner and order hereafter directed” (italics by the court) and of article 949, and other provisions, to the effect that irregular heirs do not succeed directly to the estate of the de cujus, but have only a right of action to be put into possession, and of the various provisions concerning vacant successions and their administration, to be found in chapter 8 of Book 3, we find it sufficient, for the purposes of this case to hold, that, though Act No. 68 of 1910, p. 113, authorizes the public administrator of the parish of Orleans to “appear in court for, and on behalf of, the state of Louisiana, to assert her claim as heir, to any estate in which the state may be interested,” there is no law which authorizes that official to bring a petitory action on behalf of the state for the recovery of property alleged to have been acquired. *409 and to be owned by tbe state, solely in virtue of ber sovereignty; and bence that tbe exception to plaintiff’s capacity to prosecute tbis suit and to stand in judgment should have been sustained. Tbe point thus passed en, it may be remarked, was not presented or considered in tbe case of Cordill, Administrator, v. Quaker Realty Co., 130 La. 933, 58 South. 819, upon which plaintiff relies.
For the reasons assigned, it is ordered and decreed that tbe judgment appealed from be annulled and avoided, and that there now be judgment in favor of defendant, sustaining ber exception to tbe right and capacity of tbe plaintiff, administrator of tbe vacant succession of Isaac Warbeck, to prosecute tbis suit and stand in judgment herein; and it is accordingly further decreed that plaintiff’s demands be rejected, and tbis suit dismissed at tbe cost of said plaintiff.