(99 South. 528)

No. 24261.

## WEINFURTER v. CRESAP et al.

(Feb. 25, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Courts ⟨⟩224(11)—Jurisdiction of Supreme Court in revocatory action determined by amount of claim and not by value of property conveyed.**

In an action to revoke a sale of stock in trade, fixtures, and assets, as in fraud of creditors and in violation of Act No. 114 of 1912, the jurisdiction of the Supreme Court under Const. 1921, art. 7, § 10, is determined by the amount of the claim, in order to collect which it is desired to revoke the sale, and not by the value of the property conveyed by the sale.

2. **Courts ⟨⟩224(11)—Interest on claim may not be considered in determining jurisdictional amount.**

In determining the jurisdiction of the Supreme Court on appeal under Const. 1921, art. 7, § 10, relative to jurisdictional amount, the principal of the claim only, exclusive of accrued interest, must be considered in a revocatory action.

3. **Courts ⟨⟩487(4)—Supreme Court, not having jurisdiction, will transfer appeal on its own motion.**

Where the Supreme Court does not have jurisdiction of an appeal, the court must notice the lack of jurisdiction, even without plea, and will transfer the appeal on its own motion.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by John J. Weinfurter against E. O. Cresap and others. Judgment for defendants, and plaintiff appeals. Appeal transferred to Court of Appeal.

Monroe & Lemann and Watts K. Leverich, all of New Orleans, for appellant.

Herman L. Barnett, of New Orleans, for appellees.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. The Phil P. Cresap Company, Limited, executed a promissory note for

$1,500 in favor of the Interstate Trust & Banking Company of New Orleans. Plaintiff was an indorser on this note, and as such was forced to pay, soon after the note matured, a balance of $1,325 due thereon. Plaintiff then sued the Phil P. Cresap Company, Limited, for the amount he had to pay, and obtained judgment against the company accordingly, with 8 per cent. per annum interest from May 29, 1916. The principal of this judgment was later reduced to $1,274.65.

In May, 1918, plaintiff instituted the present suit against E. O. Cresap, and by amended petition later filed made the Phil P. Cresap Company, Limited, a party to the suit. In this suit he alleges that in June, 1916, the Phil P. Cresap Company, Limited, was in embarrassed circumstances and unable to pay its debts, and, because of its financial condition, sold all of its stock in trade, fixtures, and assets to E. O. Cresap. He alleges that this sale was made for the avowed purpose of placing the above property beyond his reach, and that E. O. Cresap purchased with full knowledge of that fact, and of the fraud intended to be perpetrated. He further alleges that E. O. Cresap failed to notify the creditors of the Phil P. Cresap Company, Limited, of his intended purchase. After alleging the insolvency of the Phil P. Cresap Company, Limited, and that it has no assets, he prays for judgment against E. O. Cresap for said sum of $1,274.65, with 8 per cent. per annum interest from May 29, 1916, and for judgment against Cresap and the Cresap Company canceling and revoking said sale and ordering all of the property conveyed by that company returned to it, and held subject to execution by him.

From the foregoing it appears that plaintiff's demand, exclusive of interest and costs, is one for a moneyed judgment against Cresap for $1,274.65, and for judgment against him and the Phil P. Cresap Company, Limited, revoking said sale, in order to subject the property thereby conveyed to the payment of the debt due plaintiff. With respect to the last phase mentioned, the action is revocatory, and is also one to annul the sale for the purpose above stated, as having been made in violation of Act 114 of 1912.

The question suggests itself whether this court has jurisdiction of this appeal. When the suit is one for a moneyed judgment, we have no jurisdiction, unless the amount involved exceeds $2,000, exclusive of interest. Section 10, art. 7, Constitution of 1921. Hence it is clear that we are without jurisdiction of the first phase of plaintiff's case —that is, of the demand for a moneyed judgment against Cresap—since the amount involved in that demand, exclusive of interest, is only $1,274.65.

[1] In so far as relates to the revocatory action forming a part of plaintiff's case, our jurisdiction in such actions is determined by the amount of the claim, in order to collect which it is desired to revoke the sale, and not by the value of the property conveyed by the sale. Hopkins v. Crow, 136 La. 409, 67 South. 197; Courtney v. Rigmaiden, 112 La. 804, 36 South. 704; Moore, McKinney & Co. v. Ringuet, 45 La. Ann. 1115, 13 South. 670; Zuberbier & Behan v. Morse, 36 La. Ann. 970; Loeb & Bloom v. Arent, 33 La. Ann. 1085. In the revocatory action the sale is avoided only as to its effect on the complaining creditor, and only to the extent of his claim. Hence it is that it is the amount of the creditor's claim that determines our jurisdiction. By a parity of reasoning, the rule applicable to the revocatory action, in determining jurisdiction, is applicable to the demand to annul the sale, under Act 114 of 1912.

[2] As the jurisdiction of this court must be determined with respect to the revocatory action and the action to annul under the act of 1912 by the amount of plaintiff's claim, the question presents itself whether, in de-

termining the question of jurisdiction, we should take into account the accrued interest on that claim. If we were to consider the accrued interest up to the time this revocatory action was instituted, still the amount of the principal and interest accrued would not vest us with jurisdiction, as the claim, even then, would be considerably below $2,000, the lower limit of our jurisdiction. But if we were to consider the accrued interest up to the time of the submission of this appeal the amount of the principal and interest combined would be sufficient to vest us with jurisdiction. However, in Schwartz v. Schmidt, 37 La. Ann. 41, we held that it was only the principal of the demand that could be considered in the revocatory action in determining the jurisdiction of this court. It was there said:

"In considering (for purposes of jurisdiction) the amount of the debt upon which the creditor bases his action [revocatory] we cannot include the interest, but must be governed by the principal of the demand. The action, in other words, is but the means to collect a debt, the capital of which is [was in that instance] $1,838."

We see no sufficient reason to depart from this ruling. Even were we to depart from it, we would not feel justified in so interpreting the Constitution as to make our jurisdiction depend on so uncertain an event as the submission of a case for decision.

For the above reasons, we are not of the opinion that we have jurisdiction in this case.

[3] No motion has been made to dismiss or transfer this appeal, though counsel for defendants has filed a list of authorities on the question of jurisdiction. However, a motion to dismiss, or to transfer, is not essential. We must notice our lack of jurisdiction, even without plea. Schwartz v. Schmidt, supra. The Court of Appeal for the Parish of Orleans has jurisdiction. Hence the appeal will be transferred to it.

For the reasons assigned, it is ordered, adjudged, and decreed that the appeal herein be transferred to the Court of Appeal for the Parish of Orleans, to be there disposed of according to law, the transcript to be filed therein within 30 days from the day this decree becomes final; the appellant to pay the costs of the appeal to this court.