**DUBUISSON & DUBUISSON v. ST. LANDRY BANK & TRUST CO. OF OPELOUSAS.**

**No. 992.**

Court of Appeal of Louisiana. First Circuit.

June 8, 1932.

Dubuisson & Dubuisson, of Opelousas, for appellants.

Lewis & Lewis, Haas & Haas, and L. Austin Fontenot, all of Opelousas, and Denegre, Leovy & Chaffe, of New Orleans, for appellee.

MOUTON, J.

The Opelousas St. Landry Bank & Trust Company being involvent, J. S. Brock, state bank commissioner, under an order of the district court, sold to the St. Landry Bank & Trust Company of Opelousas all the real and personal property of the Opelousas St. Landry Bank & Trust Company, consisting of lands, policies of life insurance, securities, accounts, deposits, town lots, bank buildings, and fixtures.

In consideration of the sale for the transfer of this real and personal property of the Opelousas St. Landry Bank & Trust Company, the defendant purchasing bank assumes the liability of all the deposits of the insolvent bank, and binds itself to pay them on a percentage basis varying from 5 per cent. to 25 and 30 per cent., and running from one to four years, as fixed in the deed.

There are over 1,000 acres of land included in the transfer, also lots with buildings in different towns or cities, besides the securities and deposits of the insolvent bank. Though the consideration for the sale is not specifically stated, it is manifest that the value of the property deeded exceeds by far the sum of $2,000.

In its original petition, plaintiff alleges that, when the Opelousas St. Landry & Trust Company closed its doors, it had to its credit in a checking account the sum of $541.24, and that, according to the customs of bankers, this deposit in the said bank was subject to check, and was payable on demand. It also alleges therein that it was not a party to the transfer, above referred to, and that J. S. Brock, state bank commissioner, had no right, authority, or power to make that transfer.

In a supplemental petition, plaintiff alleges that the ex parte order of the court directing the transfer of the Opelousas St. Landry Bank was void, and that the transfer executed in pursuance thereof by Brock, bank commissioner, was absolutely null, because of the want of authority or power in the court to grant said order, and for a similar lack of power or authority in Brock to make the transfer; and that the attempt of Brock, bank commissioner, "acting in pursuance of said void order of Court, and said St. Landry

Bank & Trust Company of Opelousas (defendant), parties to said purported transfer to set limits, as aforesaid, upon petitioner's right to demand the payment of its deposit was illegal, null and void," etc.

Upon the foregoing allegations, including those of the original petition which must be considered in connection with those of the amended petition, plaintiff prays for judgment "annulling, avoiding and setting aside said order of Court and transfer made in pursuance thereto, as aforesaid, in so far as petitioner's said deposit is concerned, and condemning said St. Landry Bank & Trust Company of Opelousas to pay petitioner said sum of five hundred forty-one and 24/100 dollars ($541.24) with legal interest from judicial demand."

The right to recover the $541.24, as appears in plaintiff's petition, is grounded on the allegation that its deposit in the Opelousas St. Landry Bank & Trust Company, according to the usages of bankers, was to be paid by check, on demand; and that the time limits fixed for its payment in the deed of the defendant purchasing bank was null and void.

In the supplemental petition, it is averred that this limited time of payment for plaintiff's check was null and illegal because of the lack of power in Brock, the bank commissioner, acting in pursuance of a void order of the court, and the defendant purchasing bank in setting such limits to the payment of its deposit or check. In conformity with these allegations, the prayer in the supplemental petition is for the avoidance and annulment of said order of court and of the transfer made in pursuance thereof.

It is therefore evident that we would have first to declare that the transfer of the assets of the insolvent bank was null and void before we could decree that the time limits fixed by the purchasing bank was void or absolutely null as contended for by plaintiff.

It is true that plaintiff, in the prayer of the supplemental petition, is asking that the order of the court, authorizing the transfer and the transfer, be set aside "in so far as petitioner's said deposit is concerned."

It will be observed that the whole trend of the petitions, original and supplemental, is for a total avoidance of the order of court and transfer, which plaintiff in its prayer desires to have restricted to the amount of its check or deposit for $541.24.

We do not see how this court could limit its decree to the annulling of the order of court in part, and of restricting the avoidance of the transfer to a portion of the assets. The annulment of only a portion of the order would mean that what would be left of it would be legal. We do not think

such a decree is permissible. The order as a whole would have to be set aside, and that would affect the transfer of property, the value of which is beyond our jurisdiction. Besides, there is no demand by plaintiff to annul the transfer for any specific or designated piece of property, to authorize an avoidance to be restricted to a certain portion of the assets. Hence, we hold that we have no jurisdiction to set aside the transfer which involves property rights way above our maximum jurisdictional limit, which is fixed, in cases of this character, at $2,000, and we cannot decree that the time limits fixed for the payment of the deposit is null or illegal, this issue being secondarily connected with the demand for the avoidance of the transfer, if not inseparably connected therewith, and of which we have no jurisdiction, for the reasons hereinabove stated.

There is another feature of the case which presents another question of jurisdiction which is in reference to the conditions fixed for the distribution of the deposits of the Opelousas Bank, as provided for under the terms of the transfer to the defendant purchasing bank.

The conditions fixed in the deed to the defendant bank are that a certain percentage of these deposits shall be paid to depositors from a period of time ranging from one to four years. No doubt, the gross or total amount of these deposits payable to the various depositors exceeds by far the sum of $2,000. The plan or scheme provided for in the deed of transfer would be disarranged or affected by a judgment of this court decreeing that plaintiff's demand of $541.24 should now be paid by defendant bank. It would therefore change or disturb the right of defendant for the distribution of these funds which in amount exceed $2,000, exclusive of interest, and of which the Supreme Court, and not this court, has jurisdiction.

The general rule is that appellant must affirmatively show jurisdiction in the appellate court to which he appeals, and, where he does not, his appeal will be dismissed.

In this case, however, where it is unquestionably apparent that this court has no jurisdiction because of the amount involved being far above its maximum jurisdictional limit, instead of dismissing the appeal, the case under provisions of Act No. 19 of 1912 will be transferred to the Supreme Court, and we shall so order.

It is therefore ordered and decreed that this case be, and is hereby, transferred to the Supreme Court of the state, provided it be filed there within a period of 60 days from this date, and, in default of its filing within the time above fixed, that this appeal be dismissed at the cost of appellant.