## GAST v. GAST. *
### No. 16689.

Court of Appeal of Louisiana. Orleans.

May 16, 1938.

*Rehearing denied May 30, 1938.

M. C. Scharff and James J. Landry, both of New Orleans, for appellant.

O'Keefe & Davidson and Alex C. Granzin, all of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff, Miss Mary Gast, a feme sole, brought this suit against the defendant, Henry Gast, on a promissory note calling for the sum of $2,000 and dated May 14, 1931, payable five years after date. She obtained judgment as prayed for on April 16, 1937, with legal interest from May 17, 1936, and in an effort to execute her judgment sued out a writ of fieri facias and seized an undivided one-half interest in certain real estate situated in Square No. 52, in the Second district of the city of New Orleans, standing in the name of the judgment debtor, Henry Gast. At the public sale of the property, in execution of the writ of fieri facias, the civil sheriff announced that the mortgage certificate showed the following mortgages against the property:

"(a) Judgment in favor of Miss Mary Gast for the sum of $2,000.00, interest, etc. as per judgment Civil District Court No. 217-197 dated 4/16/37. Recorded in M. O. B. 1530, folio 87.

"(b) The writ of seizure and sale by the Civil Sheriff in favor of Miss Mary Gast to secure the sum of $2000.00 interest, etc., as per certificate of Civil District Court No. 217-197 dated 7/2/37. Recorded in M. O. B. 1530, folio 133.

"(c) The mortgage granted by Henry Gast, et als in favor of the Dixie Homestead Association to secure the sum of $1000.00 interest, etc., as per act before A. R. Beary, Notary Public, dated 4/22/31. Recorded in M. O. B. 1441, folio 274.

"(d) The mortgage granted by Henry Gast in favor of Gus. Samuels to secure the sum of $2750.00, interest, etc., as per act before J. O'Keefe, Notary Public, dated 6/15/36. Recorded in M. O. B. 1501, folio 587."

On behalf of the judgment creditor oral and written objection was immediately made to the mortgage granted by Henry Gast to Gus Samuels in the sum of $2,750, upon the ground that it was a simulation and given in fraud of creditors. The property was adjudicated to Miss Gast for $2,000, the amount of her judgment, reserving to her the right to sue for the annullment of the Samuels mortgage. Thereafter, she proceeded by rule against Gus Samuels, mortgagee, Maurice Hartson, the civil sheriff of the parish of Orleans, and William P. Hickey, the recorder of mortgages, by rule to show cause "why the afore referred to mortgage should not be wholly declared a simulation or why said mortgage should not be declared fraudulent and therefore null and void; and in either case why the inscription thereof in the Mortgage Office, Book 1501, folio 587, should not be ordered cancelled and erased, at least, in so far, as the property hereinabove described is concerned."

After a trial upon the rule the court entered the following judgment:—

"The rule filed by plaintiff in execution against Gus Samuels, Henry Gast, and Civil Sheriff and the Recorder of Mortgages to have a certain mortgage declared to be a simulation came on for hearing on Friday, November 19th, 1937, all parties being present and represented by Counsel.

"After due trial and argument the Court is of the opinion that the exception of no right of action filed by the defendant, Gus Samuels to the rule should be maintained in so far only as it is directed against the revocatory action mentioned in the rule, with the reservation to plaintiff of his right to file a direct action, and it is so ordered.

"It is further ordered, adjudged and decreed, that the aforesaid rule be made absolute in so far as the sum of Seven Hundred Fifty ($750.00) Dollars interest claimed by said Gus Samuels is concerned, and dismissed as to the remainder of the Twenty-seven hundred fifty ($2750.00) Dollars mortgage granted by defendant, Henry Gast, in favor of Gus Samuels, per act passed before A. J. O'Keefe, Jr., Notary Public, on June 15, 1936, recorded in Mortgage Office Book 1501, Folio 587.

"Judgment read and rendered in open Court on this 19th day of November, 1937."

Although reference is made in this judgment to the effect that an exception of no right of action had been filed by the defendant in rule, Gus Samuels, and the exception partially maintained, we have been unable to find any such pleading in the record. The judgment was appealed to this court.

During the argument of the case, this court, ex proprio motu, informed counsel that it entertained considerable doubt concerning its jurisdiction ratione materiæ. In an effort to maintain the jurisdiction of this court, counsel cited the case of Weinfurter v. Cresap, 155 La. 682, 99 So. 528. The case relied upon is authority for the proposition that where a moneyed judgment is within the limit of our jurisdiction, as established by section 10, article 7 of the Constitution of 1921, a revocatory action having for its object the avoidance of a sale, pro tanto, is within this court's jurisdiction, notwithstanding the fact that the sale which is sought to be subjected to the revocatory action involves property of a value in excess of $2,000, the limit of our jurisdiction in moneyed demands. We are convinced that the law is well settled and to the effect announced in Weinfurter v. Cresap, supra, and authorities therein cited.

But here the main demand is in the shape of an action en declaration de simulation, the object of which is to avoid a sale of property, the consideration of which was $2,750. It is true that there is a de-

206

mand in the alternative for a revocatory action and that the relief which the plaintiff in rule seeks is, in each instance, limited to the satisfaction of her judgment which is for only $2,000. It must be conceded that we have no jurisdiction of an action en declaration de simulation where the value of the property involved exceeds the maximum limit of our jurisdiction because in such case the simulated transaction must be set aside in toto. Weinfurter v. Cresap, supra; Boisseau v. Vallon & Jordano, Inc., et al., 15 La.App. 389, 132 So. 237; Dubuisson & Dubuisson v. St. Landry Bank & Trust Co. of Opelousas, La.App., 142 So. 260; First National Bank of Ruston v. Jones et al., La. App., 161 So. 54.

The question, therefore, is whether the cumulation of these demands in the same proceeding alters the situation. In other words, is it possible for us to separate the alternative from the main demand and retain jurisdiction of the revocatory action.

In Hampton v. Cantone, No. 8585 of the docket of this court, see Louisiana and Southern Digest, decided April 24, 1922, we held: "Where two consistent demands are cumulated in the same action, one being for specific performance of a contract involving property [of value] exceeding appellate jurisdiction, and the other being an alternative demand for an amount of damages within appellate jurisdiction, a motion to dismiss the appeal for want of jurisdiction ratione materiæ, will be denied, upon record disclosures that the former demand has been wholly abandoned in the trial court by timely supplemental pleadings restricting the action and the prayer only to the damages originally claimed." (Syllabus by the court.)

In the case before us there has been no abandonment of the action en declaration de simulation. On the contrary, the only matter passed upon below was the question of simulation, the revocatory action having been dismissed upon the ground that it should have been brought in the form of a direct action instead of by summary process.

Our conclusion is that we are without jurisdiction in the matter.

In view of the provisions of Act No. 19 of 1912, it is ordered, adjudged and decreed that this appeal be, and it is, transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; plaintiff and appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.

Appeal transferred to Supreme Court.

