## HOLLAND v. GROSS et al.
### No. 5882.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

On the Merits Jan. 5, 1940.

Edward L. Gladney, Jr., of Bastrop, and Hudson, Potts, Bernstein & Snellings, of Monroe, for appellant.

Robert P. Kennedy, of Lake Providence, and Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

DREW, Judge.

Plaintiff instituted this suit to recover from Joseph C. Gross the sum of $9,800 for damages for personal injuries and expenses connected therewith, occasioned by an automobile accident which he alleged was caused by the negligence of defendant Gross' minor son, and for which damage defendant Gross is alleged to be liable.

He coupled with the suit for damages a revocatory action in which he prays that a sale from defendant Gross to his father-in-law, Gillis M. Franklin, of lots 1 and 7 of Block 8 of the Town of Providence, East Carroll Parish, for a recited consideration of $6000, be avoided and the property be decreed subject to execution under the judgment to be herein rendered.

The lower court awarded judgment for plaintiff in the tort action in the sum of $930, with legal interest from judicial demand until paid. In the revocatory action his demands were rejected.

Plaintiff appealed devolutively from the judgment of the lower court. Defendant Joseph C. Gross entered orders of appeal but failed to perfect an appeal. Defendant Gillis M. Franklin did not appeal. In this court defendant Gross has answered the appeal perfected by plaintiff. Gillis M. Franklin has also answered the appeal of plaintiff, both praying that the judgment in the tort action be reversed, and the judgment on the revocatory action be affirmed.

Plaintiff has come into this court by motion setting out that this court has no jurisdiction in the revocatory action and praying that the case be transferred to the

838

Supreme Court. The case is before us on the motion to transfer.

■ When the case was called for argument the information we gathered from the attorneys on both sides of the case was that the plaintiff alone had perfected an appeal and no answers to the appeal had been filed by either defendant. The plaintiff stated, through counsel, that he was willing to abandon his appeal in the tort action, therefore leaving nothing before the court except the revocatory action; and since the law seems clear that we are without jurisdiction to hear an appeal in a revocatory action where the amount claimed exceeds $2000, in order to collect which it is desired to revoke a sale, we only heard argument on the motion to transfer. Gast v. Gast, La.App., 181 So. 204; Weinfurter v. Cresap, 155 La. 682, 99 So. 528.

■ However, a study of the record discloses that both defendants answered the appeal and prayed for a reversal of the judgment awarding plaintiff damages in his tort action. Such being the case, plaintiff could not, by abandoning his appeal in this court on the tort action, after answers were filed, deprive defendants of their right to be heard.

We have jurisdiction of the tort action, therefore the motion to transfer is denied and the case is returned to our docket to be refixed for argument.

On the Merits.

TALIAFERRO, Judge.

This is also a companion suit to Nos. 5885, 195 So. 839, and 5886, 195 So. 828, on the docket of this court, decided today.

Plaintiff sues for damages resulting from physical injuries alleged to have been sustained by him in the collision between the Gross car and his own truck, fully described and discussed in the opinion in said suit No. 5886; for funeral expenses of his son and wife; for medical and transportation expenses incurred in their treatment and for the damage done to his truck. The total sued for is $9,800. He recovered judgment for $930 composed of the following items:

Funeral expenses of minor son.... $150.00
Medical expenses for wife and children ........................ 30.00
Damages to automobile........... 150.00
Personal injuries, pain, suffering, etc. ........................ 600.00

Plaintiff appealed from this judgment and asks for substantial increase thereof. Save in the respects mentioned, the pleadings and issues in this case, the motions and exceptions filed below and here, are identical with those appearing in companion suit No. 5885.

■ Plaintiff was not seriously hurt in the accident. He returned home after being examined and given first aid by a physician in Lake Providence. Naturally, he was shocked, bruised and sore therefrom for several days. His back injury had not fully disappeared at the time of trial, over eight months subsequent to the accident. The testimony in the case supports the lower court's judgment on plaintiff's money demand.

For the reasons herein assigned and for those assigned in said suit No. 5886, the judgment appealed from is affirmed.

■ And for the reasons assigned in our opinion in said suit No. 5885, this appeal, so far as it involves and concerns the revocatory action, in keeping with the provisions of Act 19 of 1912, is hereby transferred to the Supreme Court of the State; and plaintiff is given ninety days from the finality of the money judgment herein, in which to perfect the transfer by filing in the Supreme Court the proper transcript; and in default of plaintiff's compliance with this order within said time, the appeal to this court as regards the revocatory action, will be deemed to have been abandoned.