## HOLLAND v. GROSS et al.

No. 5883.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

On the Merits Jan. 5, 1940.

Edward L. Gladney, Jr., of Bastrop, and Hudson, Potts, Bernstein & Snellings, of Monroe, for appellant.

Robert P. Kennedy, of Lake Providence, and Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

DREW, Judge.

This is a companion suit to No. 5882, 195 So. 837 decided by us this day. They were consolidated for trial below. The pleadings for all purposes of a decision are the same as No. 5882, and the identical motion to transfer was filed therein.

For reasons assigned in No. 5882, the motion is denied and the case is returned to our docket to be refixed for argument.

## On the Merits

TALIAFERRO, Judge.

This is also a companion suit to Nos. 5885, 195 So. 839, and 5886, 195 So. 828, on the docket of this court, decided today.

In this suit W. O. Holland, as the surviving father of his minor son, W. D. Holland, sues to recover damages sustained by him on account of the loss of the affection and companionship of the son; for mental distress and anguish he experienced from the time the son was injured until his death; for loss of his services and support and for the damages his son could have recovered had he lived, because of his own pain and suffering from the time of injury to death.

The total amount sued for is $20,000. Judgment was rendered for $6,000. Plaintiff appealed but no increase is here asked.

In all other respects the pleadings and issues, motions and exceptions filed below and here, are identical with those in companion suit No. 5885.

W. D. Holland, when examined at the hospital in Vicksburg, Mississippi, was found to be suffering from cerebral concussions and several fractured ribs. There were many contusions about the head and body and a large laceration of the scalp. Appropriate treatment for all of these injuries was administered. Several spinal punctures were made. The patient was progressing satisfactorily until on the seventh day pneumonia developed, followed by pleurisy with an effusion. Numerous blood tranfusions failed to save the patient and he passed away on August 6, 1937. He suffered intense physical pain a great part of the time, as would be expected from the character of his injuries. Some parts of the treatment, though deemed necessary, tended to aggravate his suffering.

The lower court awarded $2,000 for the pain and suffering of deceased and $3,000 for the loss of affection and companionship, mental distress, etc., of the father, which items appear to be justified by the facts and testimony in the case. For loss of services and support, the award was $1,000. This fixing will not be disturbed, though certainly not excessive.

This boy was seventeen years of age and healthy. He assisted his father in a substantial way on and about the farm. He was really able physically to do the farm work of a man.

For the reasons herein assigned, and for those assigned in said suit No. 5886, the judgment appealed from is affirmed with costs.

And for the reasons assigned in our opinion in said suit No. 5885, this appeal, in so far as it involves and concerns the revocatory action, in keeping with the provisions of Act 19 of 1912, is hereby transferred to the Supreme Court of the State; and plaintiff is given ninety days from the finality of the money judgment herein in which to perfect the transfer by filing in the Supreme Court proper transcript; and in default of plaintiff's compliance with this order within said time, the appeal to this court as regards the revocatory action, will be deemed to have been abandoned.