**HOLLAND v. GROSS et al.**
**No. 5887.**

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

On the Merits Jan. 5, 1940.

Edward L. Gladney, Jr., of Bastrop, and Hudson, Potts, Bernstein & Snellings, of Monroe, for appellant.

Robert P. Kennedy, of Lake Providence, and Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

DREW, Judge.

This is a companion suit to No. 5882, 195 So. 837, decided by us this day. They were consolidated for trial below. The pleadings, for all purposes of a decision, are the same as No. 5882, and the identical motion to transfer was filed herein.

For the reasons assigned in No. 5882, the motion is denied and the case is returned to our docket to be refixed for argument.

On the Merits.

TALIAFERRO, Judge.

This is also a companion suit to Nos. 5885, 195 So. 839 and 5886, 195 So. 828, on the docket of this court, decided today.

W. O. Holland sues herein in his own right as the surviving spouse of his deceased wife, Maggie Holland, and as natural tutor of her three surviving children, Mary, Margie and Margaret, to recover damages for the pain and suffering endured by deceased from the time of the accident to her death on September 26, 1937; for loss of companionship and affection and for "injuries and resulting death", aggregating $30,000. There was judgment for plaintiffs for $11,000, composed of these items:

$3,000 for pain and suffering; $3,000 for loss of companionship and affection and $5,000 for "injuries and resulting death". They appealed and pray for increase in the awards.

The pleadings in this case, the issues tendered thereby, the rulings of the lower court and motions and answers filed in this court, except as regards the capacity of W. O. Holland, the amount sued for and the basis of the cause of action, are identical with those appearing in said suit No. 5885. For this reason repetition is deemed unnecessary.

Mrs. Holland was hurried to a hospital in the City of Vicksburg, Mississippi. She was first treated for shock. This was followed by X-ray pictures. These revealed fracture of an upper cervical vertebra with lacerations of the spinal cord. She was found then to be paralyzed from the neck down. In the hope that this condition might be removed or its effect materially reduced, a laminectomy was performed. This was designed to relieve pressure on the cord. The effect was abortive of appreciable results. On August 21, 1937, the patient was transferred to the Charity Hospital in Shreveport, Louisiana, and remained a patient there until the merciful hand of death intervened. The paralytic condition did not abate prior to death on September 26. This materially reduced the intensity of the physical pain and suffering, which otherwise would have been present. However, her mind was functioning normally. Her mental distress and suffering were great.

Mrs. Holland is shown to have been a dutiful wife and an affectionate mother. Her three daughters were deprived of her guiding counsel and protecting motherhood at a time when needed most. She was forty-nine years of age and in good physical condition when injured

The lower court awarded $3,000 for pain and suffering. We approve of this. For loss of companionship and affection, the award was $3,000. This is inadequate and should be increased to $5,000, the full amount sued for; and for "injuries and resulting death" the award was $5,000. This will have to be eliminated as the resultant right to sue for "injury and death" in this case is comprehended in the right to sue for the pain and suffering of deceased and the loss of her companionship and affection.

For the reasons herein assigned and for the reasons assigned in said suit No. 5886, the judgment in plaintiff's favor, appealed from, is reduced to $8,000, composed of the items herein named, and as thus amended, said judgment is affirmed with costs.

And for the reasons assigned in our opinion in said suit No. 5885, this appeal, so far as it involves and concerns the revocatory action, in keeping with the provisions of Act 19 of 1912, is hereby transferred to the Supreme Court of the State; and plaintiff is given ninety days from the finality of the money judgment herein in which to perfect the transfer by filing in the Supreme Court proper transcript; and in default of plaintiff's compliance with this order within said time, the appeal to this court as regards the revocatory action, will be deemed to have been abandoned.