## HOLLAND v. GROSS et al.
### No. 5884.

Court of Appeal of Louisiana. Second
Circuit.

April 28, 1939.

On the Merits Jan. 5, 1940.

Edward L. Gladney, Jr., of Bastrop,
Hudson, Potts, Bernstein & Snellings, of
Monroe, for appellant.

Robert P. Kennedy, of Lake Providence,
and Theus, Grisham, Davis & Leigh, of
Monroe, for appellees.

DREW, Justice.

This is a companion suit to No. 5882, 195
So. 837, decided by us this day. They
were consolidated for trial below. The
pleadings, for all purposes of a decision,
are the same as No. 5882, and the identical
motion to transfer was filed herein.

For the reasons assigned in No. 5882,
the motion is denied and the case is re-
turned to our docket to be refixed for
argument.

### On the Merits.

TALIAFERRO, Judge.

This is also a companion suit to Nos.
5885, 195 So. 839, and 5886, 195 So. 828
on the docket of this court, decided today.

W. O. Holland, as natural tutor to his
daughter, Mary, sues to recover $5,500 for
the physical pain and suffering experienced
by her as a result of the accident discussed
in said companion cases. In all other re-
spects the pleadings, the issues, motions
and exceptions filed below and here are
identical with those in companion suit No.
5885, decided here today. There was judg-
ment for plaintiff for $800 and he ap-
pealed, praying for increase.

■ After being administered first aid,
this daughter, with her mother and brother,
was removed to the hospital at Vicksburg
Mississippi. She was found to be suffer-
ing from cerebral hemorrhage and in mild
shock. There were a few lacerations on
her scalp and some contusions about her
body. She improved steadily and was dis-
charged six days later. Her recovery has
been complete. The award in her case
seems to be adequate.

For the reasons herein assigned and
for those assigned in said suit No. 5886,
the judgment appealed from is affirmed
with costs.

■ And for the reasons assigned in
our opinion in suit No. 5885, this appeal,
so far as it involves and concerns the re-
vocatory action, in keeping with the pro-
visions of Act 19 of 1912, is hereby trans-
ferred to the Supreme Court of the State;
and plaintiff is given ninety days from the
finality of the money judgment herein, in
which to perfect the transfer by filing in
the Supreme Court proper transcript; and
in default of plaintiff's compliance with
this order within said time, the appeal to
this court as regards the revocatory action,
will be deemed to have been abandoned.