**HOLLAND v. GROSS et al.**

**No. 5885.**

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

On the Merits Jan. 5, 1940.

Edward L. Gladney, Jr., of Bastrop, and ·Hudson, Potts, Bernstein & Snellings, of Monroe, for appellant. ·

Robert P. Kennedy, of Lake Providence, and Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

DREW, Judge.

This is a companion suit to No. 5882, 195 So. 837, decided by us this day. They were consolidated for trial below. The pleadings, for all purposes of a decision, are the same as No. 5882, and the identical motion to transfer was filed herein.

For the reasons assigned in No. 5882, the motion is denied and the case is returned to our docket to be refixed for argument.

On the Merits.

TALIAFERRO, Judge.

This is a companion suit to No. 5886, 195 So. 828, on the docket of this court, entitled "W. O. Holland, Tutor of the Minor, Margaret Holland", this day decided.

W. O. Holland, herein as natural tutor of his minor daughter, Margie Holland, sues to recover $3,500 damages for physical injuries alleged to have been suffered by her as a result of the collision between her father's truck and the car driven by Justin Gross, fully described and discussed in our opinion in said suit No. 5886. The allegations of the petition herein are identical with those in said suit No. 5886, save as to the name of the minor and the amount sued for. The defendants pleaded as they did in said suit No. 5886. The lower court overruled the exception, dismissed the revocatory action and rendered judgment for plaintiff in the sum of $350 with legal interest from judicial demand. Plaintiff appealed. Defendants answered the appeal as they did in said suit No. 5886.

In this court, since our original declination to transfer the case to the Supreme Court, plaintiff has filed another motion to transfer. He prays therein that in the event this court retains jurisdiction solely for the purpose of adjudicating the appeal in so far as plaintiff's demand for damages for personal injuries, etc., is concerned, the case in other respects be transferred to the Supreme Court as is authorized by Act 19 of 1912.

The motion is well founded. We are without jurisdiction ratione materiae of the revocatory action as more than $2,000 is involved. Gast v. Gast, La.App., 181 So. 204; Weinfurter v. Cresap, 155 La. 682, 99 So. 528.

Margie Holland, her brother, W. D., and sister, Margaret, were sitting on the floor of the truck's body when the collision

occurred. All were thrown therefrom and landed on the surface of the road. Margie was not seriously injured. She sustained a large first degree brush burn on one thigh, small brush burn on her elbow and a laceration of the scalp in the occipital region. These wounds were cleaned and dressed. Six sutures were necessary to close the scalp wound. She was allowed to return home. In addition to the wounds mentioned, she was badly jolted from being hurled from the truck and was sore for some time, experiencing considerable pain. The doctor who rendered first aid redressed the wounds two days later and also on two other occasions examined her injuries in his office and then removed the sutures.

■ Appellees do not complain of the amount of judgment for plaintiff, while appellant urges that a substantial increase should be awarded. We concur in this position.

A joint petition, signed by counsel for plaintiff and Franklin, and filed here, sets forth that Gillis M. Franklin, appellee, died in the Parish of East Carroll on June 24, 1939, leaving as his sole heir, Mrs. Mina Franklin Gross, wife of defendant, Joseph C. Gross, and that he was survived by his widow, Mrs. Lula Goodwin Franklin; that Mrs. Gross and Mrs. Franklin have been recognized as sole heir and widow in community of the deceased, respectively, by the District Court of the deceased's domicile, and sent into possession of all his succession effects. On prayer therefor, these persons, by order of this court, were substituted as parties defendant herein and in the companion suits also, in lieu of the deceased Gillis M. Franklin.

For the reasons herein assigned, and for those assigned in said suit No. 5886, the judgment in plaintiff's favor, appealed from, is amended by increasing the amount thereof to $550, and as thus amended, that portion of the judgment appealed from is affirmed with costs.

■ And for the reasons herein assigned this appeal, in so far as it involves and concerns the revocatory action, in keeping with the provisions of Act 19 of 1912, is hereby transferred to the Supreme Court of the State; and plaintiff is given ninety days from the finality of the money judgment herein in which to perfect the transfer by filing in the Supreme Court proper transcript; and in default of plaintiff's compliance with this order within said time, the appeal to this court as regards the revocatory action, will be deemed to have been abandoned.